[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Deborah Ann Angelica, age 45, whose maiden name was Deborah Ann Mondo, and the defendant, Dennis M. Angelica, age 51, were married at Stratford, Connecticut on May 8, 1977 There is one minor child issue of the marriage, Luke Michael Angelica, born April 12, 1984.
The marriage has broken down irretrievably due primarily to the defendant's anti-social behavior of exposing himself to clients of the parties cleaning business commencing in 1994. The parties worked together in a home and commercial cleaning business until 1996. This terminated due to the defendant's action in dropping his trousers in the presence of female clients resulting in embarrassment to the plaintiff and loss of business. (In June, 1995, the defendant's father died in Florida and while CT Page 9311 there, the defendant had an adulterous relationship with a hitchhiker he picked up. )
The defendant who was a Jehovah's Witness engaged in therapy for his abnormal behavior and consulted the church elders, but the therapy was unsuccessful. A witness for the defendant, Dr. Leslie M. Lothstein testified that, "In my opinion, Mr. Angelica does not pose a risk to females nor to his son. He is aware of his need to stay in counseling for a period of time in order to achieve a better understanding of his reaction to stress and family conflict There is no evidence that he has an addictive or compulsive sexual disorder."
The defendant claims a problem with the marriage was a depression suffered by the plaintiff after the birth of the son. He claims that his wife thereafter was not sexually responsive and rejected him. The parties separated after the exposure incident in February, 1996.
At the time of the separation, the parties split their cleaning business, with the wife taking the residential properties and the defendant the commercial Presently Mrs. Angelica has an average weekly income of $636.07 and Mr. Angelica $587.00. The parties own real estate located at 2 Trescott Hill Road in East Canaan, having a value of approximately $131,000.00 with a net equity of $70,000.00 Much of the work in finishing the house was done personally by the defendant
The plaintiff has life insurance of $25,000.00 with the son as beneficiary and $10,000.00 on herself. The defendant has a $100,000.00 policy with the son as beneficiary. He also has an IRA account with a value of $522.00. The plaintiff has debts as follows:
Bank One, $1,803.00; American Express, $6,465.00; Dixon 
Brooks, P.C. $630.00; Bravo $284.00; First Union $910.00.
The defendant has debts as follows:
Fleet, $3,654.00; Citibank, $4,397.00; Febbroriello Levy, $2,900.00; Shell/Chase Mastercard, $7,500.00; American Express, $3,506.00.
Based upon the evidence and the provisions of General Statute § 46b-81, the court finds that the marriage has broken down CT Page 9312 irretrievably and that the following orders shall enter:
1. The defendant shall transfer his undivided one-half interest in the real property located at 2 Trescott Hill Road, East Canaan, Connecticut to the plaintiff. The plaintiff shall execute and deliver to the defendant a mortgage in the amount of $25,000.00, payable on or before July 1, 2002 with interest at the rate of 10% per year after said date, together with the usual costs of collection
2. The defendant shall pay to the plaintiff lump sum alimony in the amount of $7,500.00 payable at the rate of $125.00 per month commencing October 15, 1997 and monthly thereafter. This amount is designed to partially defray the balance due on the Home-Equity loan.
3. The parties shall each be responsible for the payment of the liabilities reflected on their respective financial affidavits and shall indemnify and hold the other harmless thereon. One dollar per year is awarded to each party modifiable only to satisfy any payment of the other party's debt.
4. A Custody of the minor child Luke Michael Angelica is awarded to the plaintiff, together with the right of reasonable visitation to the defendant.
B. The defendant shall pay child support in the amount of $100.00 per week until the minor child attains the age of eighteen (18) years, or if a full-time student in high school, until he attains the age of nineteen (19) years or graduates from high school, whichever shall first occur.
5. The defendant shall maintain a life insurance policy on his life in the face amount of $50,000.00 and shall name the minor child as irrevocable beneficiary until the child turns eighteen (18) years of age.
6. The plaintiff shall maintain medical insurance on behalf of the minor child and the parties shall share equally the costs of the premium for the child only which is currently $18.00 per month and the parties shall share equally all unreimbursed health related expenses incurred on behalf of the minor child.
7. The defendant shall be entitled to claim the minor child as an exemption for income tax purposes so long as he is current CT Page 9313 in his child support payments by the end of each calendar year.
8. The parties shall retain the personal property currently in their possession, except that the defendant shall be entitled to receive his video camera and red tool box from the residence.
9. The defendant shall retain the 1989 Ford Ranger and the plaintiff shall retain the 1994 Oldsmobile Cutlass. Any loans associated with those vehicles shall be paid by the individual retaining ownership and shall indemnify and hold the other harmless thereon. The parties shall execute whatever documents are necessary to transfer ownership and registration of said vehicles.
10. The plaintiff may take a change of name to Deborah Ann Monda.
HON. WALTER M. PICKETT, JR. State Judge Referee